# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

TIMOTHY FORBES,
    Petitioner,

    v.

UNITED STATES,
    Respondent.

No. 3:23-cv-425 (SRU)

## ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The Petitioner, Timothy Forbes ("Forbes"), filed a motion seeking to vacate his sentence under 28 U.S.C. § 2255 based on five claims, which I address as two major arguments: (1) that Forbes received ineffective assistance of counsel and (2) that Forbes's 204-month concurrent sentences are substantively unreasonable and violate the U.S. Constitution. *See generally* Doc. No. 1.

## I.    Background

On May 30, 2013, Timothy Forbes was indicted by a grand jury on thirteen-counts for kidnapping, robbery, and firearm offenses. *See generally United States v. Timothy Forbes*, Dkt. No. 3:13-cr-00100 ("Criminal Case"), Doc. No. 13.

From 2015 to 2016, Forbes participated in one *Frye* hearing and three change of plea hearings, none of which resulted in Forbes pleading guilty. Criminal Case, Docs. No. 256, 303, 375. At his plea hearing on December 19, 2016, Forbes alleges that the government offered him a plea agreement requiring he plead guilty to counts eight and ten of the indictment. Doc. No. 1 at 16. Count eight charged Forbes with interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) and § 2. *Id.*; Criminal Case, Doc. No. 13 at 5-6. Count ten charged Forbes with use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §

924(c)(1)(A)(ii) and § 2.  Doc. No. 1 at 16; Criminal Case, Doc. No. 13 at 5-6.  Under the

government's proposed plea agreement, Forbes's suggested U.S. Sentencing Guidelines

("U.S.S.G." or the "Guidelines") range for his custodial incarceration sentence was 181 to 205

months' imprisonment.  Doc. No. 1 at 16.  Forbes rejected that plea offer.  *Id.* at 17; Criminal

Case, Doc. No. 375.

A. <u>2017 plea agreement and sentencing</u>

On January 19, 2017, Forbes entered into a revised plea agreement with the government

shortly before his trial commenced.  Doc. No. 1 at 18; Criminal Case, Docs. No. 411-413.

Forbes pled guilty to:  (1) count two, kidnapping in violation of 18 U.S.C. § 1201(a)(1) and

Section 2; (2) count six, use of a firearm during and in relation to a crime of violence in violation

of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2; and (3) count nine, interference with commerce by

robbery, in violation of 18 U.S.C. § 1951(a) and § 2.  Criminal Case, Doc. No. 411 at 1.  On June

9, 2017, I sentenced Forbes to a total of 228 months' imprisonment.  Criminal Case, Doc. No.

460 at 1.  His custodial sentence comprised of 144 months on counts two and nine, running

concurrently, and 84 months on count six, served consecutive to count two.  *Id.*

B. <u>2021 Resentencing</u>

Forbes subsequently filed a *pro se* section 2255 petition on May 25, 2018 and an

amended section 2255 petition on June 12, 2018.  *See Timothy Forbes v. United States*, Dkt. No.

3:18-cv-1009 ("*Forbes I*"), Docs. No. 1, 6.  The government moved to appoint counsel for

Forbes on January 9, 2020; I granted the motion and Attorney Michael Sheehan was appointed to

represent Forbes on his section 2255 motion.  *Forbes I*, Docs. No. 25, 26.  Forbes filed a second

amended section 2255 petition on August 14, 2020.  *Forbes I*, Doc. No. 27.  Forbes's second

amended section 2255 petition argued that Forbes's conviction and sentence for count six, use of

a firearm in the course of a kidnapping, was unconstitutionally vague under the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019). *Forbes I,* Doc. No. 27 at 1-2. I granted Forbes's second amended section 2255 motion on September 2, 2020. *Forbes I,* Doc. No. 28. After granting his second amended section 2255 petition, I denied as moot Forbes's initial and first amended section 2255 petitions. *See Forbes I,* Doc. No. 29 ("Thus, as both parties confirmed in an email to my law clerk, Forbes's two still-pending prior habeas petitions are now moot.").

At Forbes's resentencing, I imposed concurrent 204-month custodial incarceration sentences for counts two and nine. Criminal Case, Doc. No. 506. Forbes appealed his sentence. Criminal Case, Doc. No. 510. The Second Circuit Court of Appeals issued a mandate directing me to correct the terms of supervised release in Forbes's judgment to accurately reflect the supervised release term I imposed; the amended judgment remained the same in all other respects. Criminal Case, Doc. No. 515 at 1-2; Criminal Case, Doc. No. 517 at 1 ("Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years on Count Two and a term of 3 years on Count Nine, to be served concurrently.").

Forbes filed the instant section 2255 petition on April 3, 2023. Doc. No. 1.

## II.    Standard of Review

Section 2255 provides a prisoner in federal custody an opportunity to challenge the legality of his or her sentence. To obtain relief under section 2255, the petitioner must show that his or her prior sentence was invalid because: (1) it was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) it exceeded the maximum detention authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The standard is stringent; even constitutional errors will not be

redressed through a section 2255 petition unless they have had a "substantial and injurious effect" that results in "actual prejudice" to the petitioner. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal citations omitted); *Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999) (applying *Brecht*'s harmless error standard to section 2255 petition). The petitioner bears the burden of proving that he or she is entitled to relief by a preponderance of the evidence. *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

If a petitioner fails to raise an issue upon direct appeal, that issue will be deemed procedurally defaulted and unreviewable absent a demonstration of ineffective assistance of counsel, an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)).

A petitioner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere generalities or hearsay statements will not normally entitle the applicant to a hearing . . . . The petitioner must set forth specific facts which he is in a position to establish by competent evidence." *Dalli v. United States*, 491 F.2d 758, 760-61 (2d Cir. 1974) (internal citations omitted). In the absence of supporting facts, the court may resolve a petitioner's claims without a hearing. *See id.* at 760-62.

## III.    Discussion

Forbes brings five claims for relief in his section 2255 motion, which I broadly construe as falling into two categories: (1) Forbes received ineffective assistance of counsel; and (2) Forbes's 204-month concurrent sentences are substantively unreasonable and violate the U.S. Constitution. Doc. No. 1 at 27.

4

A.  Whether Forbes received ineffective assistance of counsel

To establish that he has been denied effective assistance of counsel, a petitioner must show that:  (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) his counsel's deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (applying *Strickland* to challenges to guilty pleas based on ineffective assistance of counsel).

On review, the court "strongly presume[s]" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Further, "[i]n the case of an early plea," courts must avoid "an after-the-fact assessment . . . run[ning] counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered."  *Premo v. Moore*, 562 U.S. 115, 126 (2011); *id.* at 125 ("In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel.").

"[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.  With respect to the performance prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  "In assessing the attorney's performance, a reviewing court must judge [their] conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct.'"  *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690).  With respect to the prejudice prong, the petitioner must establish that there is "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694.

A petitioner claiming ineffective assistance bears a heavy burden. "If the attorney made

a strategic choice after thoughtful consideration, that decision will be 'virtually

unchallengeable.'" *United States v. Rosemond*, 958 F.3d 111, 121 (2d Cir. 2020) (quoting *Henry*

*v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005)). "[E]ven strategic choices made after less than

complete investigation do not amount to ineffective assistance—so long as the known facts made

it reasonable to believe that further investigation was unnecessary." *Henry*, 409 F.3d at 63

(citing *Strickland*, 466 U.S. at 690-91). Indeed, courts have "declined to deem counsel

ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox, or

downright ill-advised." *Tippins v. Walker*, 77 F.3d 682, 686 (2d Cir. 1996). "The challenger's

burden is to show 'that counsel made errors so serious that counsel was not functioning as the

"counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter,* 562 U.S.

86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

Forbes argues his counsel was ineffective both before his initial 2017 sentencing and at

his resentencing in 2022. Specifically, Forbes claims that his counsel improperly informed him

"about his sentence exposure which caused [Forbes] to reject a favorable plea offer presented by

the [g]overnment" before his 2017 sentencing. Doc. No. 1 at 27. At his 2022 resentencing, he

asserts his counsel was ineffective "for failing to object" to the government introducing "two

facts established by the [PSR] . . . [and] introduced at [Forbes's] original sentencing." *Id.*

(internal quotation marks omitted). Forbes argues these facts were not addressed at his original

sentencing and, therefore, improperly relied upon by the government at his resentencing. *Id.*

1.  *Whether Forbes's counsel provided ineffective assistance prior to his 2017 sentencing*

Forbes claims that, when he evaluated whether to accept the December 19, 2016 plea offer, he "was led to believe that if he elected to proceed to trial and was found guilty, his maximum sentence exposure under the Guidelines would be a little over ten years" and the amount of custodial incarceration he faced going to trial "was not significantly different" than that in the proposed plea agreement. Doc. No. 1 at 33. He further alleges that it was never explained to him "that by rejecting the plea offer, he would face a mandatory 57-year prison sentence on 924(c) counts alone." *Id.* His rejection of the December 19 plea agreement "was extremely injurious" to Forbes "because his sentence exposure went from 171 to 192 months' imprisonment[] to 319 to 376 months' imprisonment." *Id.*

The government argues Forbes waived his ineffective assistance claim that was "previously asserted . . . in his initial 2255 petition." Doc. No. 9 at 3. Specifically, the government points to a November 6, 2020 email from Forbes's counsel stating Forbes did not object to denying his earlier 2255 petitions and closing the civil case. *Id.* at 4; Doc. No. 9-1 at 1-2.

The government correctly points out that Forbes raised a similar ineffective assistance of counsel claim in his original and amended section 2255 motions. *Forbes I*, Doc. No. 1 at 4 ("Counsel was ineffective during plea negotiations and [regarding] . . . advice to enter a plea."); *Forbes I.,* Doc. No. 6 at 15-17 ("Forbes['s] counsel failed to properly advise him regarding his minimum mandatory penalty being a period of 57 years if he [did] not accept[] the first plea agreement."). However, courts have the discretion to consider waived or forfeited arguments. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) ("We recognize that this court has discretion to consider arguments waived below because our waiver doctrine is

7

entirely prudential.").  Generally, courts address otherwise forfeited arguments "to avoid a manifest injustice or where the argument presents a question of law" requiring no additional fact-finding.  *United States v. Gomez*, 877 F.3d 76, 95 (2d Cir. 2017) (internal quotation marks omitted) (quoting *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006)).

Although Forbes's counsel's November 6, 2020 email may have waived his ineffective assistance of counsel claim, I will address his claim to avoid manifest injustice and because his claim requires no additional fact-finding.

> a.  *Whether Forbes's counsel's performance fell below an objective standard of reasonableness*

Forbes principally contends that his counsel, Attorney Hasse, performed deficiently by failing to inform him of the potential consequences of not accepting the plea agreement on December 19, 2016.  Doc. No. 1 at 39.  He asserts that he was never informed that he could potentially face a 57-year prison sentence if he plead guilty to charges under section 924(c).[1]  *Id.* at 38.

In determining whether a defense counsel's actions were objectively reasonable, courts look for guidance to "prevailing norms of practice as reflected in American Bar Association standards."  *Purdy v. United States*, 208 F.3d 41, 44 (2d Cir. 2000) (quoting *Strickland*, 466 U.S. at 688) (alterations adopted).  "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  *Missouri v. Frye*, 566 U.S. 134, 145 (2012) (holding that defense

---

[1] In arguing that his ineffective assistance counsel claim was not waived by his 2017 plea agreement, Forbes notes that a defendant may "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within acceptable standards."  Doc. No. 1 at 35-36 (quoting *United States v. Torres*, 129 F.3d 710, 716 (2d Cir. 1997) (internal quotation marks omitted)).  However, Forbes does not contend that his plea was not voluntary and intelligent.  Forbes acknowledges that he confirmed on the record at his June 9, 2017 sentencing that he voluntarily and knowingly pled guilty and understood the penalties he faced.  Doc. No. 1 at 18-20; Criminal Case, Doc. No. 467 at 2-4.

counsel provides ineffective assistance when they allow a plea offer to expire without advising the defendant or allowing them to consider it). Further, defense counsel must provide their professional advice on whether to plead guilty. *Purdy*, 208 F.3d at 44. This advice includes communicating the terms of the plea offer and "inform[ing] the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." *Id.* at 45 (internal citations omitted). "[T]he ultimate decision whether to plead guilty must be made by the defendant." *Id.* A defense counsel "enjoys a wide range of reasonableness" between two opposing standards of ineffectiveness: failing to give adequate advice about a plea or coercing a plea. *Id.*

Transcripts from Forbes's August 21, 2015 *Frye* hearing, August 26, 2015 change of plea hearing, January 19, 2016 change of plea hearing, and December 19, 2016 change of plea hearing conflict with Forbes's allegations. At the August 21 *Frye* Hearing, the government "outline[d] the charges against him" in Connecticut and "the maximum possible penalties on those charges." Criminal Case, Doc. No. 407 at 5. The government explained that there were "four 924(c)s . . . that relate to brandishing firearms. And each of those would be eighty-four months, mandatory minimum – seven years up to life imprisonment." *Id.* at 6. Although the government stated that "it would be more likely than not that [the 924(c) counts] would group together, . . . [Forbes was] *facing several counts of life imprisonment* . . . if he's convicted at trial." *Id.* (emphasis added). The plea offered to Forbes at the time of the *Frye* hearing had similar terms as the one offered to him in December 2016: pleading guilty to counts eight and ten with an "effective guideline range of 171 to 192 months' imprisonment." *Id.* at 7-8; Doc. No. 1 at 32-33. Judge Garfinkel then addressed Forbes at the August 21 Frye hearing: "Mr. Forbes, I know you've been listening closely . . . [and] looking at the proposed agreement, too.

Have you been following everything that we've been discussing here, sir, without getting into any explanation?" Criminal Case, Doc. No. 407 at 19. Forbes confirmed that he understood the discussion at least three times and also confirmed that he had discussed the matter with his attorney. *Id.* at 19-20.

Less than a week later, Forbes appeared again before Judge Garfinkel for a change of plea and status conference on August 26, 2015. *See generally* Criminal Case, Doc. No. 408. His attorney represented that, although the plea deal described at the August 21 Frye hearing was "the deal [Forbes] desired," he was not ready to sign the plea agreement "at this time." *Id.* at 3. Further, Forbes was informed by both his attorney and the government "in fairly unambiguous language[] that the offer will not remain open." *Id.* at 3-4.

On January 19, 2016, Forbes appeared a third time before Judge Garfinkel for a change of plea hearing. Doc. No. 303. Again, the government stated on the record that Forbes was offered a plea deal with a guideline range of 171 months to 192 months. Doc. No. 399 at 8. The government expressed that, if Forbes agreed to the government's proposed plea deal, he would "wind up somewhere in the range of probably 14 to 15 years" imprisonment for his District of Connecticut criminal case. *Id.* at 9. The government also described conversations about his sentencing exposure if he went to trial:

> I've also explained to Mr. Forbes personally, in front of counsel, on the record, multiple occasions, that if he goes to trial on this case, I don't know how you say he's going to be legally crushed, you know, if -- by the sentencing. . . . [H]e's charged with four counts of kidnapping, four counts of robbery, four 924(c)s. You know, do I think the 924(c)s will be stacked? No. But he's not going to get any points for acceptance, he's not going to get points for a global disposition for sure. And [with] his guidelines, he's going to end up with a thirty-year sentence. . . . [T]he likelihood of acquittal is not high. And the government thinks he's making a huge mistake, but there's absolutely nothing I can do about that more than I've done. . . .
>
> And if he comes in on the day of trial and he wants to plead guilty, he will be pleading guilty to the indictment, which means he'll [be] pleading guilty to multiple

counts of 924, multiple counts of kidnapping, and multiple counts of robbery, because that's just how life works.

*Id.* at 9-11.  Notably, the government predicted Forbes's eventual section 2255 argument.  *Id.* at 16.  The government requested the court to ask Forbes if he understood what the government represented "just so that when there is a 2255 down the road," Forbes could not claim that "he didn't understand the plea."  *Id.* at 16.  When Judge Garfinkel asked Forbes if he understood everything that both the government and his counsel at the time were explaining, he answered affirmatively.  *Id.*  Judge Garfinkel noted the "very thorough discussions" on the record and was convinced that Forbes answered "truthfully and accurately today that he does understand."  *Id.*

Additionally, Forbes appeared before Judge Fitzsimmons for a third change of plea on December 19, 2016.  Criminal Case, Doc. No. 375.  Attorney Hasse, Forbes's attorney of record at his 2017 sentencing, confirmed during this hearing that the present plea offer was one requiring Forbes to plead guilty to counts eight and ten of the indictment.  Dec. 19, 2016 Hearing, Tr. at 2-3 (Attached as Exhibit A to this Order.).  He repeatedly stated that he recommended Forbes accept the December 19, 2016 plea agreement and thought Forbes "should consider it more than he [was]" at the time.  *Id.* at 2-3.  At that hearing, Forbes expressed concern and confusion about whether his section 924(c) charge would run consecutively to his sentence from his contemporaneous Pennsylvania federal criminal case and how his criminal history was calculated.  *Id*. at 4-6.  Judge Fitzsimmons warned Forbes that he was facing "a significant, significant sentence."  *Id*. at 10.  Forbes did not enter a plea at the December 19 hearing.  Criminal Case, Doc. No. 375.

The transcripts reveal that not only was Forbes aware of the carceral consequences of his 924(c) charges, but also that Forbes was offered and rejected at least twice a very similar plea deal as was offered at the December 19, 2016 change of plea hearing.  Criminal Case, Docs. No.

11

407-08.  The record demonstrates that Forbes knew the plea deal being offered to him would not

be available should he decide to plea guilty at the time of trial.  Doc. No. 399 at 11.  Further, he

indicated his understanding of the risk that he was going to be "legally crushed" should he go to

trial.  *Id.* at 9, 16.

Forbes has not demonstrated that Attorney Hasse, who represented him at the time of the

December 19, 2016 plea offer and the January 19, 2017 sentencing, fell below an objective

standard of reasonable performance.  *See Strickland*, 466 U.S. at 688.  From the record, it

appears Attorney Hasse neither coerced a plea from Forbes nor failed to provide advice on

whether to accept the plea agreement offered on December 19, 2016.  *Purdy*, 208 F.3d at 45.  His

claim that he was "never told" of the sentencing exposure his 924(c) charge would bring if he did

not accept an earlier plea deal is patently incorrect.  At the August 21, 2015 *Frye* hearing, the

parties discussed on the record that Forbes faced "several counts of life imprisonment . . . if he's

convicted at trial."  Criminal Case, Doc. No. 407 at 6.  Forbes indicated his understanding of the

potential consequences of not accepting a plea offer at least three times.  *Id.* at 19.  Although

Forbes claims he was not precisely told he could be facing 57 years' custodial incarceration, he

indicated his understanding on the record that he would be exposed to potential life

imprisonment.  *Id.*  Further, Attorney Hasse stated twice at the December 19, 2016 change of

plea hearing that he recommended Forbes accept the plea agreement offered to him and that he

thought Forbes should more seriously consider entering into the plea agreement.  Dec. 19, 2016

Hearing, Tr. at 2-3 (Attached as Exhibit A to this Order.).

Attorney Hasse's advocacy fell within the "wide range of reasonableness" courts permit

defense attorneys to occupy.  *Purdy*, 208 F.3d at 45.  He did not fail to communicate the plea

offer to Forbes; in fact, he counseled Forbes to accept the December 19 plea offer.  Dec. 19,

12

2016 Hearing, Tr. at 2-3 (Attached as Exhibit A to this Order.).  Forbes was repeatedly informed

on the record of the harsh consequences he could face by not pleading guilty.  There is no

evidence that Attorney Hasse ineffectively performed in advising him whether to accept the plea

offer on December 19, 2016.

> b. *Whether counsel's alleged deficient performance prejudiced Forbes*

"To show prejudice from ineffective assistance of counsel where a plea offer has lapsed

or been rejected because of counsel's deficient performance, defendants must demonstrate a

reasonable probability they would have accepted the earlier plea offer had they been afforded

effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 147 (2012).   The petitioner

must establish that that there is "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Specifically, Forbes must show "a reasonable probability that the end result of the criminal

process would have been more favorable by reason of a plea to a lesser charge or a sentence of

less prison time." *Frye*, 566 U.S. at 147.

Forbes had the chance to accept the December 19, 2016 plea agreement at least three

times before that date.  As discussed above, he appeared in court on August 21, 2025, August 26,

2015, and January 19, 2016 and represented on the record that he understood the plea deal he

was offered and the potential sentencing consequences if he did not accept it.  He was

represented by a different attorney at those hearings, yet the outcome was identical to when

Attorney Hasse counseled him.  Therefore, Forbes has not shown there was a reasonable

probability, but for any errors by Attorney Hasse, he would have accepted an earlier plea

agreement.

For the above reasons, Forbes first ineffective assistance of counsel of claim fails.

2. *Whether Forbes received ineffective assistance of counsel at his 2022 resentencing*

Forbes's second ineffective assistance of counsel claim is based on his counsel's failure to object to the government's introduction of "two facts" included in Forbes's 2017 Presentence Investigation Report ("PSR").

Although Forbes does not explicitly state the "two facts" to which he refers, he cites to the government's January 5, 2021 sentencing memorandum. Doc. No. 1 at 44 (citing Criminal Case, Doc. No. 498 at 11). In its sentencing memorandum, the government discusses two facts "not addressed at the initial sentencing: . . . (a) the carjacking of Victim 1's vehicle during the course of the robbery, and (b) Forbes's aggravating role as an organizer/leader of the offense." Criminal Case, Doc. No. 498 at 11. Forbes argues that the government "improperly introduced factual content into the resentencing proceeding that it had no reasonable basis to [introduce]." Doc. No. 1 at 45. He claims his attorney "should have objected on the basis" that the government introducing these facts at resentencing "violate[d] the principle[s] of fundamental fairness" and due process. *Id.* at 46. Forbes asserts that his attorney's failure to object to the government introducing the two aggravating factors above "was extremely injurious and prejudicial" to him because Forbes had "five years" added to his sentence. *Id.* at 52.

The government argues that Forbes's counsel "did not render objectively unreasonable assistance" in not objecting to the government using the two facts. Doc. No. 9 at 7. The government discussed the two facts to support its calculation of Forbes's guideline exposure of 360 months' to life imprisonment. Criminal Case, Doc. No. 498 at 11. The government notes that arguments concerning Forbes's correct guideline exposure "were effectively academic" because "the government simultaneously requested the Court to [downwardly] depart to its previously-imposed sentence" of 228 months' imprisonment. Doc. No. 9 at 7; Criminal Case, Doc. No. 498 at 13.

14

At Forbes's resentencing, the government highlighted the sections of Forbes's 2017 PSR describing the carjacking and Forbes's leadership role in the robbery.  Criminal Case, Doc. No. 504 at 18-19.  After the government argued that those two facts supported enhancing Forbes's Guidelines range, I stated:

> [I]n light of the government's position, I find it unnecessary to reach those issues because they're not going to affect the sentence in this case, and the government is actually asking for a downward departure from the range calculated in the resentencing addendum.  It would be . . . completely academic to come to a different calculation as set forth in the [PSR] addendum and then to depart further.

*Id.* at 19-20.  I adopted a Guidelines range of 292-365 months' imprisonment immediately after concluding it wasn't "necessary to reach the issue" whether the two facts supported an enhancement.  *Id.* at 20, 22.  The government objected to my adoption of the Guidelines range due, in part, to the government's calculation "under the robbery guideline, with the addition of carjacking and a leadership role as supported by the 2017 PSR."  *Id.* at 22.  However, the government simultaneously requested a "*Fernandez* departure," and agreed that "I should depart downward to the [Guidelines] range" calculated in the 2017 plea agreement.  *Id.* at 22-23; Criminal Case, Doc. No. 411 at 6 (estimating a Guidelines range of 235 to 292 months' imprisonment, excluding Forbes's 18 U.S.C. § 924 (c)(1)(A)(ii) violation).  I then stated:

> [T]he Guidelines provide that when it would be meaningless to decide a difficult issue, that the Court is not required to do that if it's not going to affect the sentence. Here[,] nobody is asking me to impose a sentence that is outside the range calculated in the plea agreement.  Neither the government nor the defense thinks that any range above that is appropriate. . . .  I'm not going to go further and engage in a meaningless exercise. It's completely academic, as both sides agree.[2]

Criminal Case, Doc. No. 504 at 23-24.

---

[2] Contrary to Forbes's assertions, my calculation of the applicable Guidelines range was not influenced by the government's arguments about Forbes's conduct involving a carjacking and him serving a leadership role in the offense.  Doc. No. 504 at 20, 23-24; Doc. No. 1 at 48-51 (arguing Forbes's sentence reflected my consideration of the "two facts").  Forbes argues that the government's inclusion of the "two facts" in its arguments violated his due process rights.  Doc. No. 1 at 44, 46.  I do not reach this argument because, as the resentencing hearing transcript illustrates, I did not consider the government's arguments in calculating Forbes's Guidelines range.

The government raised its argument about enhancing Forbes's Guidelines range due to the "two facts" during his resentencing hearing. Criminal Case, Doc. No. 504 at 18-23. I found it unnecessary to reach the issue related to the two facts and explicitly stated so on the record, twice, immediately after the government raised that objection. *Id.* at 20, 23-24. I referred to deciding any issue relating to the two facts as a "meaningless exercise" and "completely academic, as both sides agree." *Id.* at 23-24.

> a.  <u>Whether counsel's performance fell below an objective standard of reasonableness</u>

As previously stated, to succeed on his ineffective assistance of counsel claim Forbes must demonstrate that: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and that (2) counsel's deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

"[A] defense counsel's performance is unreasonable 'when it is so deficient that it falls outside the wide range of professionally competent assistance.'" *Fulton v. Graham*, 802 F.3d 257, 265 (2d Cir. 2015) (quoting *Kovacs v. United States*, 744 F.3d 44, 50 (2d Cir. 2014)). Because I did not unnecessarily reach the issue related to the two facts, and because both sides agreed the issue was "completely academic," it was well within the range of "professionally competent assistance" for Attorney Sheehan to not expressly object to the government's discussion of those two facts. Criminal Case, Doc. No. 504 at 20, 23-24; *Fulton*, 802 F.3d at 265. Instead of explicitly objecting to the government's arguments concerning the two facts, thereby emphasizing them, Attorney Sheehan chose to focus on supporting the lower Guidelines range calculated without considering the two facts. *Id.* at 22. Attorney Sheehan agreed that the

correct Guidelines range was 292-365 months' imprisonment, as opposed to a higher Guidelines range due to sentencing enhancements based on the "two facts." *Id.*

Attorney Sheehan made a strategic choice to focus on advocating for a lower sentence based on the following new information and mitigating factors: (1) the COVID pandemic; (2) Forbes's conduct while incarcerated; (3) Forbes's rehabilitative efforts thus far; (4) his co-defendants' lower sentences; and (5) Forbes's positive familial ties. *Id.* at 26-37. Forbes fails to establish that Attorney Sheehan made any errors that were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter,* 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks omitted). Attorney Sheehan's strategic choices were not so "deficient" that they "fell below an objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88.

> b. *Whether counsel's allegedly deficient performance prejudiced Forbes*

Additionally, Forbes experienced no prejudice due to Attorney Sheehan not objecting to the government's arguments regarding Forbes's Guidelines range. In explaining how I decided upon an appropriate sentence at Forbes's resentencing hearing, I specifically noted three facts raised by Attorney Sheehan. I cited the COVID pandemic, Forbes's good conduct since his 2017 sentencing, and "information about [Forbes's] . . . Pennsylvania prosecution."[3] Criminal Case, Doc. No. 504 at 57-59. I did not mention the "two facts" Forbes references in his 2255 petition when determining his sentence. Instead, I explained that the sentence reflected that Forbes's offense conduct was "extremely serious . . . because of the effect on the victims" and the number

---

[3] Forbes was sentenced as a "Career Offender" in his Pennsylvania prosecution. Criminal Case, Doc. No. 494 at 5, 8. Although I did not "formally . . . take into account" information about Forbes's Pennsylvania prosecution, I did "consider that information." Criminal Case, Doc. No. 504 at 59.

of victims involved.  Criminal Case, Doc. No. 504 at 55.  I also noted "the opportunities . . .

[Forbes] had to turn away from his crime spree after he saw what happened in Pennsylvania,"

where a victim was shot.  *Id.* at 59-60, 43.  Further, at the end of Forbes's resentencing, I stated

that I determined his sentence independently of the Guidelines range.  *Id.* at 69.

Attorney Sheehan's "failure to object" did not prejudice Forbes at all because I did not

consider the "two facts" on which Forbes bases his second ineffective assistance of counsel

claim.  Doc. No. 1 at 52.  As I stated on the record, I imposed his sentence independent of the

Guidelines range and without considering the "two facts."  Forbes therefore suffered no

prejudice from Attorney Sheehan's alleged ineffectiveness at resentencing.  Thus, Forbes's

second ineffective assistance of counsel claim also fails.

B.  Whether Forbes's sentence is substantively unreasonable or in violation of the United
    States Constitution

Forbes asserts his sentence is substantially unreasonable for three reasons, arguing that:

1) "the court did not provide a legitimate basis for departing upward from the 144 months' prison

sentence" originally imposed on counts one and two; 2) the government violated Forbes's plea

agreement, rendering his sentence substantively unreasonable; and 3) his sentence was imposed

in violation of the United States Constitution.  Doc. No. 1 at 27.

In response, the government argues that the waiver in Forbes's 2017 plea agreement is

still valid and prohibits him from challenging the reasonableness of his sentence.  Doc. No. 9 at

8-10.  The waiver in Forbes's 2017 plea agreement states:

> The defendant acknowledges that under certain circumstances he is entitled to
> challenge his conviction and sentence. The defendant agrees not to appeal or
> collaterally attack his conviction in any proceeding, including but not limited to a
> motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal
> or collateral attack to challenge the sentence imposed by the Court if that sentence
> does not exceed 319 months of imprisonment, a five-year term of supervised
> release, a $300 special assessment, a $350,000 fine, and restitution as determined

by the Court, even if the Court imposes such a sentence based on an analysis different from that specified above. . . .  Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

Criminal Case, Doc. No. 411 at 6-7.  In Forbes's plea colloquy before Judge Fitzsimmons, Forbes acknowledged on the record that his plea agreement required waiving his right to appeal if he was sentenced to less than 319 months' imprisonment.  Criminal Case, Doc. No. 470 at 38-39 ("The Court:  Do you understand, Mr. Forbes, that if you sign the agreement, you are going to be giving up certain rights, including your right to appeal[] if your sentence doesn't exceed what's [in the plea agreement], the 319 months . . . . [Forbes:] Yes.").  He affirmed both at his plea hearing and his sentencing that he entered the plea agreement knowingly and voluntarily. *Id.* at 51 (answering affirmatively to Judge Fitzsimmons questions about whether he pled guilty of his own free will and whether he thought he was doing the best thing under the circumstances); Criminal Case, Doc. No. 467 at 2-4 (confirming he voluntarily pled guilty and understood the penalties he faced).

"[A] knowing and voluntary waiver of the right to appeal a sentence within a particular Guidelines range is generally enforceable . . . ." *United States v. Chen*, 127 F.3d 286, 289 (2d Cir. 1997).  Notwithstanding the waiver in Forbes's plea agreement, I address his underlying arguments to avoid manifest injustice and because they require no additional fact-finding. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (stating courts have the discretion to consider waived arguments); *United States v. Gomez*, 877 F.3d 76, 95 (2d Cir. 2017) (quoting *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006)).

"A sentence is substantively unreasonable if it is 'manifestly unjust' or 'shock[s] the conscience.'" *United States v. Richardson*, 958 F.3d 151, 153-54 (2d Cir. 2020) (quoting *United States v. Rigas*, 583 F.3d 108, 122-24 (2d Cir. 2009)).  "The procedural inquiry focuses primarily

on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *Richardson*, 958 F.3d at 153 (internal quotation marks omitted) (quoting *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018)).  A district court "commits a procedural error" when it incorrectly calculates the Guidelines range for a defendant. *Castillo*, 896 F.3d 148.

Forbes does not contend the Guidelines range discussed at his resentencing was erroneous.  Nor does Forbes point to a specific procedural or substantiative error in my application of the section 3553 factors.  Instead, I address his three underlying arguments relating to substantive unreasonableness below.

1. *Whether there was a legitimate basis for imposing concurrent 204-month sentences on counts two and nine*

Forbes's third claim asserts that his concurrent 204-month sentences "on counts two and nine are substantively unreasonable because the court did not provide a legitimate basis for departing upward from the 144 months[']" imprisonment originally imposed.  Doc. No. 1 at 54. Forbes incorporates several arguments from his second ineffective assistance of counsel claim to support his assertion.  *Id.* at 55-56 (referencing the "two facts" the government pointed out and claiming Attorney Sheehan's arguments were invalid).  Additionally, he argues I inappropriately relied on *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001), and lacked a justifiable basis for adding 60 months to his sentence for counts two and nine.  Doc. No. 1 at 57-61.

"No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661.  *See also* U.S.S.G. § 1B1.4. ("In determining the sentence to impose, the court may consider, without

limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."); *United States v. Tucker*, 404 U.S. 443, 446 (1972) ("It is also true that before [determining what sentence to impose], a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come."). Further, "[t]he plain language of [section] 3661 makes no distinction between a defendant's initial sentencing and a subsequent resentencing after a prior sentence has been set aside on appeal." *Pepper v. United States*, 562 U.S. 476, 491 (2011).

Sentencing courts are permitted "to consider the widest possible breadth of information about a defendant." *Id.* at 488; *id.* at 490 (holding district courts "may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may . . . support a downward variance from the advisory Guidelines range."). I did precisely that when I resentenced Forbes.

Forbes's argument misstates my reliance on *Mishoe* as referenced in his second amended judgment, doc. no. 517, and incorrectly refers to his sentence as an upward departure, rather than the downward departure it was. Doc. No. 1 at 58, 60-61. In *Mishoe*, the Second Circuit stated sentencing "departures are to be made on the basis of individualized consideration of the circumstances of a defendant's case, rather than a general 'rule.'" 241 F.3d at 218; *id.* at 219 (noting courts may consider a defendant's "role in [prior] offenses, the sentences previously imposed, and the amount of time previously served compared to the sentencing range called for by placement in [the applicable criminal history category]" in departing). It was on that proposition I relied when I departed downwardly and imposed a below-Guidelines sentence of 204 months' imprisonment on counts two and nine at Forbes's resentencing. Criminal Case, Doc. No. 517 at 1.

At resentencing, Forbes's Guidelines range was calculated as 292 to 365 months. Criminal Case, Doc. No. 504 at 22. Both Forbes and the government argued for a downward departure from that range. Criminal Case, Doc. No. 504 at 35 ("I think . . . a sentence lower than what was previously imposed is appropriate under the circumstances."); *id.* at 44 ("[T]he Court should reimpose the same sentence [of 228 months' imprisonment]."). During Forbes's resentencing, I commented that at his initial sentencing:

> I determined a[n] . . . appropriate total sentence then, in effect, [by backing] into the sentence on each count. . . . I believe that the entirety of the conduct [giving] rise to a sentence should be accounted for in the sentence, and that when we have mandatory minimums that are required to run consecutive, we often start with those and then back into the sentence. . . . [I]n general the approach of setting a total sentence and then apportioning it among the counts I think is appropriate.

Criminal Case, Doc. No. 504 at 54. I noted my understanding that the Supreme Court indicates that approach is appropriate. *Id. See Dean v. United States*, 581 U.S. 62, 71 (2017) (holding that a sentencing court may consider "a mandatory minimum under [section] 924(c) when calculating an appropriate sentence for the predicate offense."); *United States v. Brown*, 935 F.3d 43, 46 (2d Cir. 2019) ("[A] sentencing judge, [when] selecting a sentence for a predicate offense, [is] not prohibited from considering the severity of a mandatory consecutive minimum sentence . . . .").

Additionally, I explained to Forbes that "[m]uch remains the same as in 2017" and "[t]he statements I made at [Forbes's] initial sentencing that are reflected in the sentencing transcript [are all] adopted and incorporated today." Criminal Case, Doc. No. 504 at 55. I indicated that Forbes's crime was "extremely serious . . . because of the effect on the victims" and "[t]here are a number of victims," making the "crime much more serious." *Id.* I also considered "the opportunities . . . Forbes had to turn away from his crime spree after he saw what happened in Pennsylvania," where a victim was shot during the commission of a robbery. *Id.* at 59-60;

Criminal Case, Doc. No. 494 at 1 (referencing Forbes's 2012 Pennsylvania robbery where the store owner was shot).

In imposing a non-Guidelines sentence, I referenced *Mishoe* and noted that the initial sentence "was dramatically longer than any sentence" Forbes previously served.  Criminal Case, Doc. No. 504 at 57.  As stated above, I cited the ongoing COVID pandemic, Forbes's good conduct since his 2017 sentencing, and information about Forbes's Pennsylvania prosecution. *Id.* at 57-59.

My statements at Forbes's resentencing show that I based his concurrent 204-month sentences on the factors in 18 U.S.C. § 3553(a), including: "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed[;]" "the seriousness of the offense[;]" "to provide just punishment for the offense;" and "to afford adequate deterrence to criminal conduct."  Forbes fails to point any improper use of my discretion in resentencing him; the government's characterization of Forbes as a "violent criminal" or the "two facts" did not factor into his sentence at all.  Doc. No. 1 at 58-61.

Finally, Forbes's argument fails to acknowledge that his sentence was a downward departure from the Guidelines range and a lower overall sentence than I previously imposed. Accordingly, Forbes's claim that his sentence is substantively unreasonable, because I had no legitimate basis to impose it, fails.

2.   *Whether the government violated the plea agreement, rendering Forbes's sentence substantively unreasonable*

In Forbes's fourth claim, he argues that "a particular Guideline range was stipulated" and the government "unilaterally amend[ed]" that range by arguing for a higher sentencing range in its resentencing memorandum and at resentencing based on the "two facts" discussed above. Doc. No. 1 at 62-63.  Forbes claims the government's "recalculation" of the Guidelines range

prejudiced him because the Guidelines serve "as the starting point in the court's calculation of what sentence to impose." *Id.* at 62.

The government responds that it did not breach the plea agreement because Forbes's plea agreement "includes only the government's estimate of the Guidelines" and there is no provision in the plea agreement "expressly prevent[ing] the government from arguing for other Guidelines enhancements." Doc. No. 9 at 12. Further, the government argues that, even if it did breach the plea agreement, any breach was harmless because: (1) the government "repeatedly advocated for a departure to the Court's earlier sentence of 228 months"; and (2) "there is no record evidence that the Court gave any material weight to the higher Guidelines range advocated by the government." *Id.* at 13.

In Forbes's 2017 plea agreement, the government estimated that Forbes's Guidelines range was 235 to 292 months' imprisonment. Criminal Case, Doc. No. 411 at 6 (excluding Forbes's 18 U.S.C. § 924 (c)(1)(A)(ii) violation). The government correctly states that the plea agreement does not expressly prohibit the government from advocating for a higher Guidelines range. *Id.* ("The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence . . . ."). That agreement, however, explicitly allows only the United States Probation Office and the Court, but not the government, to "contemplate[] any sentencing calculations different from those stipulated by the parties." *Id.* at 6. The plea-bargaining process becomes considerably less balanced if the government is not bound to its stipulated estimation of the Guidelines calculation—notwithstanding the government's obligation "to advise the Court of any additional relevant facts that subsequently come to their attention." *Id.* at 5.

I do not reach the issue whether the government breached the plea agreement because the government's arguments for a higher Guidelines range were "academic" and ultimately fruitless.

Criminal Case, Doc. No. 504 at 23-24.  As stated above, I calculated Forbes's Guidelines range as 292 to 365 months.  *Id.* at 22.  I both downwardly departed from the Guidelines *and* issued a non-Guidelines sentence.  Criminal Case, Doc. No. 517 at 1.  Additionally, as the government observes, I stated that I determined his sentence independently of the Guidelines range.  Criminal Case, Doc. No. 504 at 69.  Therefore, regardless of whether the government technically breached the plea agreement by advocating for a higher Guidelines range, Forbes's sentence is not substantively unreasonable because I adopted a lower Guidelines range and sentenced him independently of the Guidelines.

3.  *Whether Forbes's sentence was imposed in violation of the United States Constitution*

Forbes's fifth claim asserts that his sentence violates the U.S. Constitution, without specifying which constitutional amendment it violates.  Doc. No. 1 at 63-64.  Instead, he reiterates his previous arguments that: (1) his sentence is substantively unreasonable; (2) the court lacked "legitimate basis upon which to depart upwards from the previously imposed 144[-month] sentences imposed on counts two and nine[;]" and (3) the court's reliance on the "two facts" the government introduced at resentencing was highly prejudicial and fundamentally unfair.  *Id.*

Because I have already addressed those arguments above, I will not do so again here.

## IV.    Conclusion

Accordingly, Forbes's motion to vacate his sentence, doc. no. 1, is **denied**.

Because Forbes has not made a substantial showing of a violation of his constitutional rights, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c)(2).

The clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of December 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge